No. 23,196.

JOHN O'ROKE, *Plaintiff*, v. JOHN W. LEDERBRAND et al.,
*Appellees*, (W. D. MCDANIEL, *Appellant*.)

SYLLABUS BY THE COURT.

MOTION TO REVIVE JUDGMENT OVERRULED—*Appeal—Insufficient Evidence
in Record to Warrant Reversal.* On appeal from the overruling of a
motion to revive a judgment, it appearing that evidence was intro-
duced which has not been presented to this court, it is held that the
presumption must be indulged that the evidence supported the de-
cision, the existence of grounds therefor not being negatived by the
record.

Appeal from Hodgeman district court; ALBERT S. FOULKS,
judge. Opinion filed October 8, 1921. Affirmed.

*B. H. Asher,* of Jetmore, for the appellant.
*Albert H. Wilson,* of Jetmore, for the appellees.

The opinion of the court was delivered by

MASON, J.: In an action involving the foreclosure of several
real-estate mortgages W. D. McDaniel obtained a personal
judgment against John W. and Mary Lederbrand. The mort-
gaged property was sold at sheriff's sale but did not bring
enough to pay all the liens. More than five years after the
judgment was rendered, but less than six, McDaniel filed a
motion to revive the personal judgment against the Leder-
brands. The motion was overruled, and he appeals.

McDaniel claims that the record shows that his personal
judgment remains unpaid to the extent of substantially $284.75
and that it should have been revived as an obligation for that
amount. The Lederbrands contend that the hearing was had
upon evidence which has not been presented to this court and
that the presumption must be indulged that upon a sufficient
showing the trial court found that the whole of the judgment
had been paid, either from the proceeds of the sale of the land,
or otherwise.

In 1909 the Lederbrands executed to John H. O'Roke a note
for $4,500 secured by a first mortgage on a section of land.
In 1911 J. I. Hilton and wife executed to D. H. Spencer a note
for $1,600 secured by a mortgage on the north half of the sec-

tion. In 1912 the Lederbrands executed to McDaniel a note for $1,000, secured by a mortgage on the south half of the section. O'Roke sued to foreclose his lien, making the other mortgagees parties. On April 21, 1913, judgment was rendered giving O'Roke a first lien upon the whole section for $5,022.66, bearing 6 per cent interest from that date. McDaniel was given a second lien upon the south half, with a personal judgment against the Lederbrands for $1,108, bearing 10 per cent interest. And Spencer was given a second lien on the north half, with a personal judgment against the Hiltons for $1,939.50, bearing 10 per cent interest. On June 10, 1913, the property was sold by the sheriff to McDaniel, the north half for $3,000 and the south half for $3,400, the money being paid into court, and the sale being confirmed on the same day. The motion for a revivor was filed August 10, 1918.

The decree of foreclosure directed the proceeds of the sale to be applied first to the costs, which appear to have amounted to $88, then to the payment of the lien under the first mortgage, which, disregarding interest, amounted to $5,022.66, and that the remainder should be brought into court to abide its further order. McDaniel assumes that one-half of the first lien, or about $2,511, and one-half of the costs, or $44, was paid out of the proceeds of the sale of each half section, leaving from the $3,400 which was bid and paid for the south half, $845 to apply on his judgment of $1,108, reducing the portion thereof still owing him to $263. If interest were included in the computation the amount would doubtless be raised to that claimed by him.

The entry of the court's order contains a recital that evidence was introduced at the hearing of the motion for a revivor and the abstract does not disclose what that evidence was. In this situation no reversal can be had unless it should be clear that no evidence could have been produced to defeat McDaniel's claim. Leaving out of account the possibility that any balance of the judgment may have been paid from some other source, it is not certain that the proceeds of the sale, properly applied, were not sufficient to meet the entire amount. The appellant assumes that one-half of the first lien upon the whole section was paid out of the $3,000 for which the north 320-acre tract was sold and the other half out of the $3,400 realized on the remainder of the section. This assumption is not warranted.

There may have been equitable reasons for a different apportionment. The files of the district court have been examined by us for the purpose of learning whether they contained anything conclusively establishing the appellant's claim, but they show no order concerning the distribution of the proceeds of the sale in excess of the costs and the first lien, nor do they indicate what the actual distribution was. There being no record, so far at least as this court is advised, of the disposition of a fund which was large enough, if applied to that purpose, to cancel the judgment, we are unable to say that error was committed in the refusal to order its revivor.

The judgment is affirmed.